1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACKIE M. JOHNSON,                          No.  2:15-cv-1606 AC P

12                    Plaintiff,

13           v.                                   ORDER

14    S. CHANAN, et al.,

15                    Defendants.

16

17          Plaintiff, a former state prisoner[1] proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18    1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes

20    pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

21          I.       Application to Proceed In Forma Pauperis

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  ECF No. 6.  Accordingly, the request to proceed in forma pauperis will be granted.

24          II.      Statutory Screening of Prisoner Complaints

25          The court is required to screen complaints brought by prisoners seeking relief against a

26    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27    _____

28    [1]  Plaintiff was released from prison sometime after filing the complaint.  ECF No. 5.

1   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4   This standard also applies to complaints brought by non-prisoners that are proceeding pro se.  28

5   U.S.C. § 1915(e)(2).

6        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

7   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9   meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

10  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

11  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

12  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

13  has an arguable legal and factual basis.  Id.

14       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

15  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

16  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

17  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

18  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

19  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

20  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

21  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

22  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

23  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

24  ed. 2004)).

25       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

26  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

27  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

28  content that allows the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

2  under this standard, the court must accept as true the allegations of the complaint in question,

3  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

4  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

5  McKeithen, 395 U.S. 411, 421 (1969).

6      III.    Complaint

7          In the complaint, plaintiff alleges that defendant Chanan has subjected him to sexual

8  harassment in the form of sexual comments and gesturing and exposing himself to plaintiff.  ECF

9  No. 1 at 4.  Defendant Ortega was allegedly aware of Chanan's behavior, but told investigators

10  that he does not know anything and had not seen anything.  Id.  Plaintiff identifies Warden Fox as

11  a defendant (id. at 2), but does not make any allegations against him (id. at 3-4).

12      IV.    Failure to State a Claim

13          A.    Eighth Amendment

14              1. Verbal Sexual Harassment

15          The Eighth Amendment proscribes the infliction of cruel and unusual punishment on

16  prisoners.  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes

17  cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley v. Albers, 475 U.S.

18  312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v.

19  Wright, 430 U.S. 651, 670 (1977)).  "The alleged pain may be physical or psychological."

20  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Jordan v. Gardner, 986 F.2d 1521

21  (9th Cir. 1993)).  However, "'[v]erbal harassment or abuse . . . is not sufficient to state a

22  constitutional deprivation under 42 U.S.C. § 1983.'"  Oltarzewski v. Ruggiero, 830 F.2d 136, 139

23  (9th Cir. 1987) (alteration in original) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.

24  1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal

25  harassment generally does not violate the Eighth Amendment"), amended on other grounds by

26  135 F.3d 1318 (9th Cir. 1998).  This includes verbal harassment of a sexual nature, and exposure.

27  Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (officer's conduct was not sufficiently

28  serious to violate the Eighth Amendment where officer exposed himself to prisoner but never

1    physically touched him); <u>Patrick v. Martin</u>, 402 F. App'x 284, 285 (9th Cir. 2010) (sexual

2    harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citing

3    <u>Oltarzewski</u>, 830 F.2d at 139).

4         Plaintiff's allegations against defendant Chanan are limited to verbal harassment,

5    exposure, and gesturing.  ECF No. 1 at 3-4.  While the alleged actions are certainly inappropriate,

6    they do not rise to the level of a constitutional violation and the claims must be dismissed.

7    However, since there may be additional facts that plaintiff can assert that would state a claim, he

8    will be given an opportunity to amend.

9              2.  <u>Failure to Protect</u>

10        An officer is not liable under the Eighth Amendment unless he "knows of and disregards

11   an excessive risk to inmate health or safety; the official must both be aware of facts from which

12   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

13   the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Therefore, before plaintiff can

14   state a claim for relief against defendant Ortega, he must first allege facts that demonstrate that

15   defendant Chanan's actions caused or put him at risk for serious harm.  Additionally, failing to

16   report an incident that has already taken place, without more, does not constitute a disregard for

17   an excessive risk to inmate health or safety.  Plaintiff alleges that defendant Ortega lied to

18   investigators about whether he had witnessed the alleged sexual harassment by defendant Chanan.

19   ECF No. 1 at 4.  Failing to report the incident is insufficient to state a claim under the Eighth

20   Amendment absent facts showing that by failing to report the incident, defendant knowingly

21   disregarded an excessive risk to plaintiff's health or safety.  Plaintiff's claims regarding defendant

22   Ortega's failure to report will therefore be dismissed with leave to amend.

23        B.  <u>Supervisory Liability</u>

24        There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25   connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S.

26   362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and

27   conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v.</u>

28   <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

4

1    Additionally, "[t]here is no respondeat superior liability under section 1983." <u>Taylor v</u>

2    <u>List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under

3    § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation,

4    or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

5    constitutional violation.'"  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v.</u>

6    <u>Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the constitutional

7    violations of his subordinates if he "knew of the violations and failed to act to prevent them."

8    <u>Taylor</u>, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal

9    participation if the official implemented "a policy so deficient that the policy itself is a

10   repudiation of the constitutional rights and is the moving force of the constitutional violation."

11   <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

12   marks omitted), <u>abrogated on other grounds by</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1970).  Plaintiff

13   has failed to allege sufficient personal involvement by defendant Fox.

14   Since the complaint contains no allegations against defendant Fox, the court can only

15   assume that he was named because of his position as warden, which is insufficient to state a claim

16   for relief.  Because plaintiff does not make any allegations against defendant Fox, he must be

17   dismissed.  However, since plaintiff may be able to amend the complaint to state a cognizable

18   claim, he will be given an opportunity to amend.

19   V.    Leave to Amend

20   If plaintiff chooses to file a first amended complaint, he must demonstrate how the

21   conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>,

22   423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant

23   is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can

24   be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

25   between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740,

26   743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in

27   civil rights violations are not sufficient."  <u>Ivey</u>, 673 F.2d at 268 (citations omitted).

28   ////

5

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

2    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

3    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4    amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

5    1967), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims

6    dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

7    amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

8    original complaint no longer serves any function in the case.  Therefore, in an amended

9    complaint, as in an original complaint, each claim and the involvement of each defendant must be

10   sufficiently alleged.

11   VI.    <u>Summary</u>

12   Plaintiff's request to proceed in forma pauperis is granted.

13   The complaint is dismissed with leave to amend because the facts plaintiff has alleged are

14   not enough to state a claim for relief.  In order to state a claim against defendant Chanan, plaintiff

15   must allege facts that show defendant Chanan did more than verbally harass him or make

16   suggestive gestures at him.  In order to state a claim against defendant Ortega, plaintiff must show

17   that Ortega's failure to report Chanan put plaintiff at risk of serious harm.  Finally, to state a

18   claim against defendant Fox, plaintiff must explain what Fox did and how it violated his rights.

19   The fact that Fox was the warden, without more, is not enough to state a claim.

20   If plaintiff chooses to amend his complaint, the first amended complaint must include all

21   of the claims plaintiff wants to make because the court will not look at the claims or information

22   in the original complaint.  In other words, any claims not in the first amended complaint will not

23   be considered.

24   In accordance with the above, IT IS HEREBY ORDERED that:

25   1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

26   2. Plaintiff's complaint is dismissed with leave to amend.

27   3. Within thirty days from the date of service of this order, plaintiff may file an amended

28   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

1    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

2    number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

3    original and two copies of the amended complaint.  Failure to file an amended complaint in

4    accordance with this order will result in dismissal of this action.

5         4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

6    form used in this district.

7    DATED: September 12, 2016

8    _allison Claire_____

9    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28